**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000151
24-FEB-2014
09:03 AM**

NO. CAAP-11-0000151

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

ASSOCIATION OF APARTMENT OWNERS OF DISCOVERY BAY, Plaintiff-Appellee, v. RALPH MITCHELL, Defendant-Appellant, and JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE GOVERNMENTAL AGENCIES 1-10; DOE ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-1871-08)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

In this appeal challenging the award of declaratory and injunctive relief, apartment owner Defendant-Appellant Ralph Mitchell (Mitchell) appeals from the February 16, 2011 Judgment entered by the Circuit Court of the First Circuit (Circuit Court)[1] in favor of the Association of Apartment Owners of Discovery Bay (Discovery Bay).

On appeal, Mitchell argues that the Circuit Court improperly granted Discovery Bay's Motion for Summary Judgment (MSJ), erroneously denied his Motion for Reconsideration, and consequently abused its discretion in awarding $10,730.92 in attorneys' fees and costs to Discovery Bay.

However, on February 10, 2014, Mitchell notified this court that he has recently sold his apartment in the condominium. Thus, it appears that Mitchell no longer has an ownership interest in the condominium project out of which this case arises.

---

[1] The Honorable Patrick W. Border presided.

"Courts may not decide moot questions or abstract propositions of law." Queen Emma Found. v. Tatibouet, 123 Hawai'i 500, 506, 236 P.3d 1236, 1242 (App. 2010) (citation and internal quotation marks omitted). "The doctrine seems appropriate where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant on appeal -- adverse interest and effective remedy -- have been compromised." Id. at 507, 236 P.3d at 1243 (citation omitted; block quote format altered). Mootness is an issue of subject matter jurisdiction, which is reviewed de novo. Id. at 506, 236 P.3d 1242. Therefore, we must first consider whether this appeal is moot.

In Tatibouet, this court held that the defendants' challenge to the circuit court's grant of declaratory relief was moot because "the controversy underlying [the fee holder's] complaint for declaratory judgment and the circuit court's grant of declaratory relief -- whether Defendants are entitled to convert the Hotel into a condominium under the Lot 30-A Amended Lease -- is no longer a present, live controversy" id. at 508, 236 P.3d at 1244, where defendant Tatibouet had transferred his leasehold interest in the property to a third party and the defendant development company had been administratively terminated. Id.

We further reasoned:

A decision by this court overturning the circuit court's grant of declaratory relief on the merits would not provide Defendants with an effective remedy regarding their dispute with the Foundation over their entitlement under the Lot 30-A Amended Lease to convert the Hotel into a condominium. Even if we were to adopt Defendants' interpretation of the Lot 30-A Amended Lease, they no longer have the ability to carry out their plans to convert the Hotel into a condominium. Thus, a decision by this court on the merits of the circuit court's interpretation of the Lot 30-A Amended Lease and the circuit court's grant of declaratory relief would be an advisory opinion on abstract propositions of law.

Id.

Applying this analysis to the instant case, we similarly conclude that Mitchell's appeal is moot in light of the fact that Mitchell has since sold his property at Discovery Bay to a third party as of February 10, 2014. Thus, the controversy

2

underlying Discovery Bay's complaint -- whether Mitchell obtained the requisite twenty-five percent of owners' signatures and is entitled to hold his special meeting seeking the removal of one or more Board Members -- is no longer a present, live controversy. See Tatibouet, 123 Hawai'i at 508, 236 P.3d at 1244; Like the defendants in Tatibouet, Mitchell no longer has any property interest in Discovery Bay, having transferred his property interest to a third party. See id.

A decision by this court overturning the Circuit Court's grant of declaratory and injunctive relief on the merits would not provide Mitchell with an effective remedy regarding his dispute with Discovery Bay over his entitlement to conduct a special meeting seeking the removal of one or more of the Board Members. Even if we were to find that Mitchell could hold the special meeting, Mitchell no longer has the ability to carry out his plans to do so, as he is no longer an owner of property at Discovery Bay. Thus, a decision by this court on the merits would be an advisory opinion on abstract propositions of law. See id.; see also Lathrop v. Sakatani, 111 Hawai'i 307, 312, 141 P.3d 480, 485 (2006) ("Courts will not consume time deciding abstract propositions of law or moot cases, and have no jurisdiction to do so.") (quoting Wong v. Bd. of Regents, Univ. of Hawai'i, 62 Haw. 391, 395, 616 P.2d 201, 204 (1980)). Nor will a claim for attorneys' fees and costs keep alive an otherwise moot controversy. Tatibouet, 123 Hawai'i at 510, 236 P.3d at 1246.

Accordingly, Mitchell's appeal with regard to the Circuit Court's grant of Discovery Bay's MSJ and denial of Mitchell's Motion for Reconsideration is moot.

We now turn to the question of how we should resolve Mitchell's appeal of the attorneys' fees and costs award as "the question of attorney's fees is ancillary to the underlying action and survives independently under the Court's equitable jurisdiction." Id. (quoting United States v. Ford, 650 F.2d 1141, 1144 (9th Cir. 1981)) (internal quotation marks omitted). Therefore, although Mitchell's appeal of attorneys' fees and costs does not preserve this case, where the underlying

controversy has become moot on appeal, we have jurisdiction to decide whether Discovery Bay can be considered to be the prevailing party in the underlying action, "without regard to whether we think the trial court's decision on the underlying merits is correct." Id. (quoting Bishop v. Comm. on Prof'l Ethics & Conduct of Iowa State Bar Ass'n, 686 F.2d 1278, 1290 (8th Cir. 1982)) (internal quotation marks and brackets omitted).

We examine whether Discovery Bay "was the 'prevailing party' based on the outcome of the circuit court proceedings and without inquiring into the correctness of the circuit court's grant of declaratory judgment on the merits." Id. at 511, 236 P.3d at 1247. "In general, a prevailing party is a party who has prevailed on the disputed main issue, even though not to the extent of the party's original contention[.]" Id. (quoting Food Pantry, Ltd. v. Waikiki Bus. Plaza, Inc., 58 Haw. 606, 620, 575 P.2d 869, 879 (1978)) (internal quotation marks and brackets omitted).

Here, viewing the outcome of the Circuit Court proceedings without considering the underlying merits of the Circuit Court's decision, we conclude that Discovery Bay was the prevailing party. Discovery Bay sought declaratory and injunctive relief, bringing the litigation in order to prevent Mitchell from going forward with his plans to conduct a special meeting without the requisite twenty-five percent of owners' signatures. The Circuit Court's grant of Discovery Bay's MSJ effectively prevented Mitchell from continuing with his plans to hold the special meeting and thus, Discovery Bay was the prevailing party. We therefore consider Mitchell's other challenges to the attorneys' fees and costs award.

"The trial court's grant or denial of attorney's fees and costs is reviewed under the abuse of discretion standard." Sierra Club v. Dep't of Transp. of State of Hawaiʻi, 120 Hawaiʻi 181, 197, 202 P.3d 1226, 1242 (2009) (citation, internal quotation marks, and brackets omitted).

4

Mitchell argues that attorneys' fees were not authorized by HRS § 514B-157(a)(3) (2006)[2] because "this was not an enforcement action within the meaning of that statute[.]"  As the entire point of Discovery Bay's lawsuit was to enforce the twenty-five percent requirement of Chapter 514B, this argument is without merit.

---

[2]

> [§514B-157] Attorneys' fees, delinquent assessments, and expenses of enforcement.  (a) All costs and expenses, including reasonable attorneys' fees, incurred by or on behalf of the association for:
>
> > (1)    Collecting any delinquent assessments against any owner's unit;
> >
> > (2)    Foreclosing any lien thereon; or
> >
> > (3)    Enforcing any provision of the declaration, bylaws, house rules, and this chapter, or the rules of the real estate commission;
>
> against an owner, occupant, tenant, employee of an owner, or any other person who may in any manner use the property, shall be promptly paid on demand to the association by such person or persons; provided that if the claims upon which the association takes any action are not substantiated, all costs and expenses, including reasonable attorneys' fees, incurred by any such person or persons as a result of the action of the association, shall be promptly paid on demand to such person or persons by the association.
>
> (b) If any claim by an owner is substantiated in any action against an association, any of its officers or directors, or its board to enforce any provision of the declaration, bylaws, house rules, or this chapter, then all reasonable and necessary expenses, costs, and attorneys' fees incurred by an owner shall be awarded to such owner; provided that no such award shall be made in any derivative action unless:
>
> > (1)    The owner first shall have demanded and allowed reasonable time for the board to pursue such enforcement; or
> >
> > (2)    The owner demonstrates to the satisfaction of the court that a demand for enforcement made to the board would have been fruitless.
>
> If any claim by an owner is not substantiated in any court action against an association, any of its officers or directors, or its board to enforce any provision of the declaration, bylaws, house rules, or this chapter, then all reasonable and necessary expenses, costs, and attorneys' fees incurred by an association shall be awarded to the association, unless before filing the action in court the owner has first submitted the claim to mediation, or to arbitration under subpart D, and made a good faith effort to resolve the dispute under any of those procedures.

Mitchell alternatively argues that even if the award of fees is appropriate, it was error for the Circuit Court to award fees of $110 per hour for paralegal and legal assistants, and to award fees for the preparation of a temporary restraining order when "[Discovery Bay] proffered no evidence on its entitlement to the equitable remedy." Mitchell also argues that even though the Circuit Court "reduced attorneys' fees in some regards, it did not remove the charges segregated by [Mitchell] as those that clearly did not belong in the case[.]"

It is clear from the discussion the Circuit Court had with counsel that the Circuit Court carefully examined the invoices before adjusting the fee award. As to the hourly rate that Mitchell objected to, it is also clear from the transcript of the hearing that the Circuit Court specifically considered the rates for the fees requested. It is well established in Hawai'i that "if reasonable compensation requires it, a prevailing party must be compensated for paralegal costs." Schefke v. Reliable Collection Agency, Ltd., 96 Hawai'i 408, 458, 32 P.3d 52, 102 (2001). Furthermore, "in appropriate cases, a request or award of attorneys' fees may include compensation for separately billed legal services performed by a paralegal, legal assistant, or law clerk[.]" Blair v. Ing, 96 Hawai'i 327, 334, 31 P.3d 184, 191 (2001) (emphasis omitted). Here, the $110 per hour rate for Paralegal and Legal Assistant was less than the $185 and $200 per hour rates requested for Associates, and the $250 per hour rate for Partners. On this record, we cannot conclude that the Circuit Court abused its discretion in awarding fees based on that rate.

Finally, Mitchell argues that Discovery Bay's refusal to mediate should preclude it from being awarded attorneys' fees and costs under HRS § 514B-161.[3] Assuming Discovery Bay did

---

[3] The statute states in pertinent part:

§514B-161 Mediation. (a) If an apartment owner or the board of directors requests mediation of a dispute involving the interpretation or enforcement of the association of apartment owners' declaration, bylaws, or house rules, the other party in the dispute shall be required to participate in mediation. Each party shall be wholly responsible for
(continued...)

6

refuse to mediate, the statute provides that such refusal may be taken into consideration in the award of attorneys fees and costs, but does not mandate that it be considered. We conclude that the Circuit Court did not abuse its discretion in awarding the attorneys' fees and costs in this case.

Therefore, the February 16, 2011 Judgment entered by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, February 24, 2014.

On the briefs:

Lila Barbara Kanae,
for Defendant-Appellant.

Carlos D. Perez-Mesa,
(Motooka Yamamoto & Revere),
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[3](...continued)
its own costs of participating in mediation, unless both parties agree that one party shall pay all or a specified portion of the mediation costs. If a party refuses to participate in the mediation of a particular dispute, a court may take this refusal into consideration when awarding expenses, costs, and attorneys' fees.